IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISON

| | |
|---|---|
| DANA McBRIDE | (   No.   7:20-CV-00050  |
| | ( |
| v. | ( |
| | ( |
| LOS's OILFIELD SERVICES, LLC | ( |

COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

   DANA McBRIDE, Plaintiff, complains of LOS'S OILFIED SERVICES, LLC, Defendant, and for causes of action would show:

1.
(The Party Plaintiff)

   DANA McBRIDE, Plaintiff, is an individual and resident of Midland County, Texas.

2.
(The Party Defendant)

   Defendant LOS's OILFIELD SERVICES, LLC is a limited liability corporation formed under the laws of the State of Texas and operates within an area of Midland County, Texas. Its principal place of business is located in Midland County, Texas. This Defendant may be served by serving with process Mr. Carlos Lujan, President, LOS's Oilfield Services, LLC at 307 East Texas Ave., Midland, Texas 79701.

   Plaintiff reserves the naming of additional defendants in the event that other actors, aided and abetted in, or were a party to the tort conduct of the Defendant. These additional defendants will be designated as John Doe Nos. 1-3.

3.
(Venue & Primary Jurisdiction)

Venue is proper in this District Court and this Division for the reason that the wrongful conduct occurred in Midland County, Texas, which is located within the Midland Division of the United States District Court for the Western District of Texas.

The Plaintiff invokes the federal question jurisdiction of the United States District Court, for she sues for remedies under 42 U.S.C. sec. 1983.

The conditions precedent to filing suit have been met. The Plaintiff served a Notice of Claim upon LOS's Oilfield Services, LLC prior to filing suit.

3.
(Causes of Action)

On or about March 21, 2019, the Plaintiff was employed with the Defendant when she was terminated from her position. At the time, the Defendant employed approximately 50 individuals. At the time of termination, the Plaintiff was covered by health insurance written through BlueCross BlueShield. Since her termination, the Defendant has failed to notify her of her right to continuation of health insurance under the Consolidated Omnibus Budget Reconciliation Act, also known as COBRA and has failed to provide her with a manner and means of obtaining COBRA continuation coverage.

The qualifying event was the Plaintiff's termination of employment by the Defendant. The Defendant, acting through its employee(s), agent(s), representative(s) or officials/ Principals failed to provide a notification within the requisite 44 days of her right to health insurance coverage continuation.

For causes of action, the Plaintiff pleads the following:

(a) *Violation of COBRA*. The Defendant's conducted itself to violate the Plaintiff's right of

Continuation coverage under COBRA. The Plaintiff is entitled to the recovery of $110.00 per day from the 45th day after termination through the date this case is adjudicated. The Plaintiff prays recovery of $110.00 per day beginning from May 02, 2019, until the date this case is adjudicated or to the date under law which the penalty expires. In the alternative, Plaintiff prays for $33,000.00 and additional amount up to $25,000.00.

4.
(Damages)

Plaintiff requests recovery of the per day penalty permitted under COBRA at the lawful rate.

Separately, as a proximate result of the conduct of the Defendant, the Plaintiff sustained damages in the form of future loss of earning capacity, mental anguish, pain and suffering and physical and mental impairment. The Plaintiff requests a recovery of up to $250,000.00 under this separate claim.

The Plaintiff prays for the recovery from the Defendant, jointly and/or severally, if applicable of all damages in excess of the minimum Jurisdiction of the Court.

5.

The Plaintiff reserves in this pleading any claim for breach of fiduciary duty and common law fraud, as pendent state law claims.

6.

The Plaintiff reserves claims against John Doe Nos. 1-3, if revealed through discovery.

7.
(Notice to Defendants)

A notice of suit rights was served upon the Plaintiff and the Defendant.

8.

(Attorney's Fees)

The Plaintiff requests the recovery of reasonably attorney's fees in an amount in excess of the minimum jurisdiction of the Court, if permitted by statute or case law.

The Plaintiff requests the recovery of up to $75,000.00 for pre-trial representation and up to $15,000.00 for trial of this case. If the Defendant elects to appeal, the Plaintiff prays for the recovery of up to $50,000.00 for representation through the United States Court of Appeals for the Fifth Circuit.

9.
(Interest)

The Plaintiff requests the recovery of pre-judgment interest, post-judgment interest and the costs of Court.

10.

The Plaintiff demand a trial by jury.

## Prayer

Wherefore, the Plaintiff requests that the Defendant be cited to appear and answer and after a trial on the merits, the Plaintiff request the recovery of a Judgment awarding the following relief:

[a] Compensatory damages for the elements and in the elements alleged above;

[b] Reasonable attorney's fees;

[c] Pre-judgment interest, post-judgment interest and costs of court;

[d] Such other relief to which the Plaintiffs are entitled to recover.

Respectfully submitted,

Steve Hershberger, Attorney at Law
600 No. Marienfeld St., Ste. 1035
Midland, TX  79701

432-570-4014
stevehersh@sbcglobal.net

By: __/s/ Steve Hershberger_____
Steve Hershberger
Texas State Bar # 09543950

Attorney for Plaintiff